IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Toby E. Moore, | ) | Case No. 1:22-cv-02202-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Bryan P. Stirling, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On September 2, 2022, Respondent filed a motion for summary judgment. ECF No. 15. On December 20, 2022, the Magistrate Judge issued a Report recommending that the motion be granted and the petition be dismissed without prejudice. ECF No. 28. Petitioner filed objections to the Report and a motion for certificate of appealability. ECF Nos. 30, 31.

---

[1] This action was filed pursuant to § 2241; however, the Magistrate Judge has also provided a thorough analysis as to whether this action could survive under 28 U.S.C. § 2254 in light of the fact that Petitioner is a state prisoner.

1

**APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

**ANALYSIS**

As an initial matter, the Court finds that the Magistrate Judge has included a thorough summary of the relevant facts and applicable law, which the undersigned incorporates by reference. This action pertains to Petitioner's purported loss of 140 days of good time/earned work credit. As explained by the Magistrate Judge, the Disciplinary Report and Hearing Record shows that Petitioner did not lose any good time/earned work credit. See ECF No. 15-2. Therefore, the Magistrate Judge recommends finding that Petitioner's allegations are not cognizable as a habeas corpus action. The Magistrate

Judge further recommends declining to reconstrue this action as alleging claims pursuant to 42 U.S.C. § 1983.

Petitioner generally objects[2] to the Report and argues that under proposed legislation, he would be eligible for a reduction of his sentence if he has no major disciplinary convictions. ECF No. 30 at 2. He further asserts that judicial review of the disciplinary hearing is appropriate. *Id.* Upon de novo review of the Report, the record, and the applicable law, the Court overrules Petitioner's objections.[3] *See Guan v. Carroll*, 77 F.3d 468 (4th Cir. 1996) ("Because none of the proposed legislation cited by Li has become law, we decline his invitation to consider that legislation in our decision. It is axiomatic that a court must apply the law in existence at the time it renders its decision."); *see also Perry v. Lewis*, No. 1:19-cv-3364-SAL, 2021 WL 1381330, at *2 (D.S.C. Apr. 13, 2021) (holding that "[t]o state a viable claim for habeas relief from this Court, Petitioner must allege his prison disciplinary proceeding resulted in or prolonged his period of incarceration" and collecting cases).

---

[2] To the extent Petitioner's motion for certificate of appealability can be construed as objections, the Court has considered it in making its ruling.

[3] The Court notes that Petitioner has not objected to the portion of the Report recommending that the Court decline to reconstrue this action as alleging § 1983 claims. Nevertheless, out of an abundance of cation for a pro se Petitioner, the Court has reviewed this portion of the Report de novo. Upon such review, the Court agrees with the recommendation of the Magistrate Judge.

**CONCLUSION**

After considering de novo the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the Report's recommendation. The motion for summary judgment [15] is **GRANTED** and the petition is **DISMISSED** without prejudice. Petitioner's motion for certificate of appealability [31] is **DENIED**.[4]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

June 27, 2023
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[4] To the extent this action has been brought pursuant to § 2241, the motion is denied as moot because a certificate of appealability is not required. To the extent this action is properly brought pursuant to § 2254, the Court finds Petitioner has failed to make "a substantial showing of the denial of a constitutional right" and denies the motion. *See* 28 U.S.C. § 2253(c)(2); *see also Rose v. Lee*, 252 F.3d 676, 684–85 (4th Cir. 2001); ("[T]o secure a certificate of appealability on claims that the district court denied pursuant to procedural grounds, Rose must demonstrate both (1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))).